IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BARRY VINCENT WATKINS,

                Plaintiff,

v.                               1:03-cv-3505-WSD

JOE WOODFORD BUICE,

                Defendant.

## ORDER

This matter is before the Court on Plaintiff's Objections to Defendants' [sic] Bill of Costs [49]. Defendant has requested costs totaling $582.98. The costs fall into two categories. First, Defendant seeks costs in the amount of $554.90 for transcripts of the deposition of Plaintiff and for copies of the transcripts of the depositions of Marco Ricciardi and Nakia Brooks taken by Plaintiff. Second, Defendant seeks costs in the amount of $28.08 for copies of medical records obtained. Plaintiff claims that because Plaintiff's claims were dismissed on summary judgment, and the case was not tried, the transcripts and medical records do not qualify under 28 U.S.C. § 1920 as costs for transcription or copying "necessarily obtained for use in the case."

*Discussion*

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The rule "establishes a presumption that costs are to be awarded to the prevailing party, but vests the district court with discretion to decide otherwise." Chapman v. AI Transport, 229 F.3d 1012, 1038 (11th Cir. 2000). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." Id. at 1039. A district court's decision regarding costs is reviewed for abuse of discretion. Id.

The Court is allowed to assess the following costs under 28 U.S.C. § 1920:

(1)   Fees of the clerk and marshal;

(2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and copies of papers necessarily obtained for use in the case;

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation for interpreters, salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Eleventh Circuit Court of Appeals, in EEOC v. W&O, Inc., 213 F.3d 600 (11th Cir. 2000), considered the issue of allowable costs where a case is resolved on summary judgment, and not at trial. In EEOC the Court held that it is proper to tax as costs the expenses associated with a deposition used to support a motion for summary judgment. Id. at 621. "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." Id. at 620-21 (citation omitted). "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. at 620 (citation omitted). The Court in EEOC noted that the issues at the deposition for which costs are sought must be related to an issue present in the case when the deposition was taken. Id. at 620-21.

Applying the EEOC reasoning here, the Court finds that the matters covered during the three depositions in question here each addressed issues present in the

case when the depositions were taken.  Defendant relied heavily on Plaintiff's deposition testimony in his briefing in support of his summary judgment motion.  In the case of Mr. Ricciardi and Ms. Brooks, Plaintiff believed their testimony was important enough in the case to take these depositions.  Defendant simply ordered copies of the transcripts.  Both of these witnesses provided testimony that was material at least to the issue of whether Defendant wilfully disregarded Plaintiff's alleged medical condition.  Thus, the deposition testimony was, in a very real way, useful in the case.  This Court concludes that the depositions related to issues in the case that were viable when the depositions were conducted.  That two of the depositions were taken by the Plaintiff is immaterial here where the testimony of the deponents was material to the issues in the litigation.  The cost to obtain these deposition transcripts is an allowable cost.

There is, on the other hand, insufficient evidence that the medical records were material to issues addressed and resolved in the summary judgment briefing. In the absence of a factual basis as to the role these records played in addressing the issues in the litigation, these expenses will not be allowed.

Accordingly,

4

**IT IS HEREBY ORDERED** that Plaintiff's Objections to Defendants' [sic] Bill of Costs [49] are **OVERRULED** in part and **SUSTAINED** in part. Defendant's request for the claimed cost for deposition transcriptions in the amount of $582.98 is allowed.  Defendant may not recover the claimed cost to acquire medical records.

**SO ORDERED** this 20th day of December, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE